**CLAYTON JOSEPH LANCE**
ATTORNEY AT LAW

**2034 COLUMBIA BOULEVARD, SUITE 201**                                        **TELEPHONE 503.369.0977**
**ST. HELENS, OREGON  97051**                                                 **CLAYTON@CLAYTONLANCEGROUP.COM**

8 May 2017

Honorable Michael J. McShane
Oregon Federal District Judge
Eugene, Oregon

RE:    AMENDED- Defendant's Sentencing Memorandum: John L. Roos
Docket No:  0979 1:16CR00203-001-MC

Dear Judge McShane:

I write to you as retained counsel substituted in for Federal Public Defender Bryan Butler. For your careful consideration and discerned decision making I provide the following facts, information and law.

**Review of PSR**
My client and I have received and reviewed the Pre-Sentence Report, Indictment and Federal Sentencing Guidelines.

We find Ms. McGrath's report accurate and complete.   In supplement, Defendant will provide you with a letter of profound apology in which he describes his fundamentally flawed and skewed his state of mind, thinking, and feelings.

**Acceptance of Responsibility**
Defendant has fully demonstrated acceptance of personal responsibility and we ask the Court to give him such consideration.  Mr. Roos is extremely remorseful and understands exactly how horrid and vile his actions and words were.

He desires to be responsible and accountable to, and within, the community at large. Mr. Roos "desires to my keep my mouth absolutely shut" and to respect all people. He is committed to accept and participate in services for drug treatment, long term addiction recovery, and cognitive thinking therapy and anger management treatment.

He requires all four of these treatments and therapies based upon his past familial history of chaos and violence, drug addictions, and material and substantial mental health issues.

**Parties  Original Agreement—Offense Levels**
The Parties originally reached an agreement that placed Mr. Roos on Level 20 for purposes of calculating his sentence.

| | |
|---|---|
| **Base Offense Level Computation** | +12 |
| **Specific Offense Characteristics** | +6 |
| **Multiple Threats** | +2 |
| **Public Threat** | +2 |
| **Increase in Offense Level** | +1 |
| **BASE Level Calculation** | 23 |
| **Acceptance of Responsibility** | -3 |
| **TOTAL Calculation** | 20 |
| **Federal Incarceration** | 33-41 months |

**Plea Agreement Oversight**
As the PCR references, unfortunately, the parties did not did not anticipate, consider, or address the statutory +6 level enhancement.

**Guidelines Provisions**
"Based upon a total level of 26 and a criminal history category of I, the guideline imprisonment range is 63 to 78 months."  PSR page 14.  This represents an almost 50% increase in the sentence.

**AUSA Bud Fitzgerald Notice of Oversight**
AUSA Fitzgerald courteously and immediately advised me of this discrepancy and I have carefully and thoroughly reviewed these issues with Mr. Roos.

**AUSA Fitzgerald Present Position**
Mr. Fitzgerald indicate he will honor his original agreement and not ask for the +6 level enhancement.  Mr. Roos very much appreciates this substantial consideration and courtesy.  The involved 3553 considerations supports this decision.

**Case Facts Mitigation**
There exists a generalized assumption (vs a legal presumption) Mr. Roos intended to use his firearms and explosive devices to harm government officials and agents.

Fortunately, for the community and involved government individuals, the evidence does not indicate  Mr.  Roos intended to, and began, to plan and move forward to actually act out on his verbal internet threats:

**For the Court's consideration, Mr. Roos provides the following observations:**
1. Mr. Roos did not belong to an anti-government or hate group espousing the overthrow of the United States;
2. Mr. Roos did not directly communicate with other members of the on line community.  (In fact, no one responded to him);
3. Mr. Roos did not enter into a conspiracy to harm or kill government employees;
4. Mr. Roos did not begin to plan and plot with other members of the community;
5. Mr. Roos was not, and is not, a member of any radicalized group such as a paramilitary organization, hate group, or anarchist group;
6. Mr. Roos did not possess reading materials, including books, pamphleteers, and magazines in support of  a racist or neo-nazi group;
7. Mr. Roos thought no one was reading his posts;
8. Mr. Roos considered his written statements as blowing off steam;
9. Mr. Roos is clearly and thoroughly advised the United States Attorney's Office takes this type of case extremely serious;
10. Mr. Roos has become fully educated as to the seriousness of his offenses.


**18 USC 3553**
**Defendant asks the Court to consider the following factors under 18 USC 3553:**
1. Familial History of chaos, instability and violence;
2. Armed Forces Veteran of Age 64;
3. Availability of Veteran Services upon release;
   (Defendant disputes he threatened a VA person; he was not happy with the program but did not to threaten an employee or any other persons;
4. Physical Issues which materially and substantially limit action and movement;
5. Mental Health issues involving serious anxiety and depression;
6. Coming Down off a high powered prescription drug which creates and leaves a residue of acting out and anger as the body withdraws;
7. Acceptance of Responsibility above and beyond just saying the words "Guilty";
8. Appreciates and understands the Court's need to protect the community and punish him as much as necessary.

In conclusion, I have observed Mr. Roos for many months and am intimately aware of his medical issues and ongoing needs.  He most requires medical and mental health support and intervention.  This result would balance the community's needs for acceptance of responsibility and protection with the special needs of the Defendant.

Sincerely,

**Clayton Joseph Lance**